**UNITED STATES DISTRICT COURT
IN THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

ZEELAND CHARTER TOWNSHIP,

      Plaintiff,

v.

SILVER MAPLE PV, LLC,

      Defendant;

RWE AMERICAS SERVICES, LLC,

      Defendant;

RWE SOLAR DEVELOPMENT, LLC,

      Defendant.

Case No. _____

Hon. _____

**Removed from:**
Ottawa County Circuit Court
20th Judicial Circuit
Case No. 26-8947-CZ
Hon. Jon H. Hulsing

| | |
|---|---|
| BLOOM SLUGGETT, PC | DICKINSON WRIGHT PLLC |
| Patrick Sweeney (P79822)<br>David M. Eberle (P82459)<br>Nathan D. Inks (P80213)<br>Michael J. Watza (P38726)<br>161 Ottawa Avenue NW, Suite 400<br>Grand Rapids, Michigan 49503<br>(616) 965-9340<br>Fax: (616) 965-9350<br>patrick@bloomsluggett.com<br>david@bloomsluggett.com<br>nathan@bloomsluggett.com<br>mike@bloomsluggett.com<br><br>*Attorneys for Plaintiff* | Brandon C. Hubbard (P71085)<br>Maureen J. Moody (P85032)<br>Joseph A. Vacante (P87036)<br>123 W. Allegan Street, Suite 900<br>Lansing, Michigan 48933<br>(517) 371-1730<br>Fax: 833-670-6009<br>bhubbard@dwlaw.com<br>mmoody@dwlaw.com<br>jvacante@dwlaw.com<br><br>*Attorneys for Defendants* |

            /

**<u>NOTICE OF REMOVAL</u>**

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. §§ 1441 and 1446, Defendants Silver Maple PV, LLC; RWE Americas Services, LLC; and RWE Solar Development, LLC (collectively, "Defendants"), by and through their attorneys, Dickinson Wright PLLC, hereby remove Case No. 26-8947-CZ from the 20th Circuit Court for the County of Ottawa, Michigan, to the United States District Court for the Western District of Michigan (Southern Division). The bases and grounds for removal are set forth below:

## I.    BACKGROUND AND TIMELINESS OF REMOVAL

1.    On or about July 7, 2026, Plaintiff Zeeland Charter Township ("Plaintiff" or "Zeeland") commenced this action in the 20th Circuit Court for the County of Ottawa, captioned *Zeeland Charter Township v. Silver Maple PV, LLC et al.*, Case No. 26-8947-CZ (the "State Court Action"). The State Court Action was assigned to the Honorable Jon H. Hulsing.

2.    Pursuant to 28 U.S.C. § 1446(a), a complete copy of "all process [and] pleadings" served upon Defendants is attached hereto as **Exhibit A**.

3.    Zeeland's complaint arises out of the Michigan Legislature's enactment of 2023 PA 233 (MCL 460.1222 *et seq.*) (hereinafter, "PA 233"), which generally governs the approval and certification process for solar energy, wind energy, and energy storage facilities through the Michigan Public Service Commission ("MPSC").

4.    Defendants seek to develop and operate a solar farm project in Ottawa County, commonly known as the "Silver Maple Solar Project" (hereinafter, the "Project") pursuant to PA 233.

5.    Zeeland seeks a declaration that PA 233 is unconstitutional, as it purportedly conflicts with the "Consent Clause," "Franchise Clause" and "Reasonable Control Clause" contained in Art. 7, § 29 of the Michigan Constitution of 1963. In the alternative, and to the extent

2

PA 233 is deemed constitutional, Zeeland seeks a declaration that Defendants violated (or will violate) the previously identified constitutional provisions.

6. The undersigned accepted service of process on behalf of Defendants on or about July 29, 2026. *See* Counsel Correspondence, attached hereto as **Exhibit B**.

7. Consequently, removal to this Court is timely pursuant to 28 U.S.C. § 1446(b)(1) because Defendants filed this Notice of Removal within 30 days of being served with the summons and complaint. *See* 28 U.S.C. § 1446(b)(1) ("The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise."); *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354 (1999) (holding that the 30-day timeline for removal does not begin to run until service is perfected).

## II.    THIS COURT HAS DIVERSITY JURISDICTION UNDER 28 U.S.C. § 1332

8. This Court has original diversity jurisdiction pursuant to 28 U.S.C. § 1332 because there is complete diversity between all properly joined parties and because the amount in controversy exceeds $75,000, exclusive of interest and costs.

## A.    The Parties Are Diverse.

9. Under 28 U.S.C. § 1332(a)(1)-(2), this Court has jurisdiction over all civil actions where the parties are "(1) citizens of different States; [and] (2) citizens of a State and citizens or subjects of a foreign state . . ." A municipality or local government unit is considered a "citizen" of the state where it is located. *See Saginaw Twp. Police Dep't v. Bey*, No. 20-10100, 2020 WL 1237939, at *4 (E.D. Mich. Feb. 25, 2020), *report and recommendation adopted*, No. 20-10100, 2020 WL 1234923 (E.D. Mich. Mar. 13, 2020). Where (as here) defendants are limited liability companies ("LLCs"), diversity must be established by tracing the chain of membership of each named entity. *V & M Star, LP v. Centimark Corp.*, 596 F.3d 354, 356 (6th Cir. 2010) ("[B]ecause

a member of a limited liability company may itself have multiple members—and thus may itself have multiple citizenships—the federal court needs to know the citizenship of each [member or] 'sub-member' as well."). If "only state citizens are on one side of the dispute and only foreign citizens are on the other," then complete diversity exists. *In re DePuy Orthopaedics, Inc. ASR Hip Implant Prods. Liab. Litig.*, 953 F.3d 890, 894 (6th Cir. 2020).

10.    *Plaintiff is a citizen of Michigan*. For purposes of diversity jurisdiction, a municipality such as Zeeland is a citizen of the state of Michigan. *See Saginaw Twp. Police Dep't,* 2020 WL 1237939, at *4 ("The Township is considered a citizen of the state where it is located, *i.e.*, Michigan."); *Helmsley v. City of Detroit*, 205 F. Supp. 793, 794 (E.D. Mich. 1962), *aff'd sub nom. Helmsley v. City of Detroit, Mich.*, 320 F.2d 476 (6th Cir. 1963) (holding that the City of Detroit was a citizen of the state of Michigan for purposes of diversity jurisdiction).

11.    *Defendant Silver Maple PV, LLC is a foreign citizen*. Silver Maple PV, LLC is a foreign limited liability company incorporated in the state of Delaware. Silver Maple PV, LLC's sole member is RWE Solar Development, LLC, which is incorporated in the state of Delaware. RWE Solar Development, LLC's sole member is RWE Americas Development, LLC, which is incorporated in the state of Delaware. RWE Americas Development, LLC's sole member is RWE Americas, LLC, which is incorporated in the state of Delaware. RWE Americas, LLC's sole member is RWE US Holdings, LLC, which is incorporated in the state of Delaware. And RWE US Holdings, LLC's sole member is German parent corporation, RWE AG.

12.    *Defendant RWE Americas Services, LLC is a foreign citizen*. RWE Americas Services, LLC is a foreign limited liability company incorporated in the state of Delaware. RWE Americas Services, LLC's sole member is RWE Americas, LLC, which is incorporated in the state of Delaware. RWE Americas, LLC's sole member is RWE US Holdings, LLC, which is

4

incorporated in the state of Delaware. And RWE US Holdings, LLC's sole member is German parent corporation, RWE AG.

13.     *Defendant RWE Solar Development, LLC is a foreign citizen*. RWE Solar Development Services, LLC is a foreign limited liability company incorporated in the state of Delaware. RWE Solar Development Services, LLC's sole member is RWE Americas Development, LLC, which is incorporated in the state of Delaware. RWE Americas Development, LLC's sole member is RWE Americas, LLC, which is incorporated in the state of Delaware. RWE Americas, LLC's sole member is RWE US Holdings, LLC, which is incorporated in the state of Delaware. And RWE US Holdings, LLC's sole member is German parent corporation, RWE AG.

14.     None of the named Defendants, nor their members or sub-members, have principal places of business within the state of Michigan.

15.     Because there is only a citizen of the state of Michigan (*i.e.*, Plaintiff Zeeland Charter Township) on one side of this dispute and foreign citizens or citizens of different states (*i.e.*, Defendants) on the other, complete diversity exists. *In re DePuy Orthopaedics, Inc.*, 953 F.3d at 894.

**B.     The Amount in Controversy Exceeds $75,000.**

16.     Under 28 U.S.C. § 1332(a), this Court has original jurisdiction over all civil actions where (i) the parties are diverse, and (ii) the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

17.     "In actions seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation." *Beasley v. Wells Fargo Bank, N.A. for Certificate Holders of Park Place Sec., Inc.*, 744 F. App'x 906, 911 (6th Cir. 2018) (quoting *Cleveland Hous. Renewal Project v. Deutsche Bank Trust Co.*, 621 F.3d 554, 560

(6th Cir. 2010)). Moreover, "[w]here a party seeks a declaratory judgment, 'the amount in controversy is not necessarily the money judgment sought or recovered, but rather the value of the consequences which may result from the litigation.'" *Freeland v. Liberty Mut. Fire Ins. Co.*, 632 F.3d 250, 253 (6th Cir. 2011) (quoting *Lodal, Inc. v. Home Ins. Co. of Ill.*, No. 95–2187, 1998 WL 393766, at *2 (6th Cir. 1998).

18.     Here, the object of the litigation is the Silver Maple Solar Project, which is pending certification by the MPSC pursuant to PA 233. The Silver Maple Solar Project is a utility-scale 200 megawatt, alternating current photovoltaic energy generation facility to be located entirely within Ottawa County. The privately-contracted land upon which the Project will be constructed is—alone—worth hundreds of thousands of dollars, to say nothing of the hundreds of thousands more that Defendants have committed to research, development, and certification of the Project.

19.     The consequences of a ruling as to the constitutionality of PA 233, or the constitutionality of the actions taken by Defendants in furtherance of the Project under PA 233, runs directly to whether the Project can be certified by the MPSC, and whether the Project can be constructed and operated thereafter. Accordingly, there are hundreds of thousands (if not millions) of dollars in controversy here—far exceeding the $75,000 jurisdictional minimum.

## C.      Procedural Items.

20.     Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings, and orders relative to the State Court Action are attached. *See* Ex. A.

21.     Venue is proper in this Court pursuant to 28 U.S.C. §§ 1441(a) and 1446(b) because the United States District Court for the Western District of Michigan (Southern Division) is the federal judicial district embracing the 20th Circuit Court for the County of Ottawa, where the State Court Action was originally filed.

22.    A notice, together with this Notice of Removal attached, will be promptly filed in the 20th Circuit Court for the County and served upon Zeeland's counsel as required under 28 U.S.C. § 1446(d). *See* State Court Notice, attached hereto as **Exhibit C**.

23.    Notwithstanding that the jurisdictional requirements have been met, by this Notice of Removal, Defendants do not waive any defenses or objections they may have to Zeeland's complaint. Defendants intend no admission of fact, law, or liability by this Notice of Removal and expressly reserve all defenses, motions, and/or pleas.

### III.    CONCLUSION

WHEREFORE, for the reasons explained above, Defendants hereby remove the State Court Action now pending in 20th Circuit Court for the County of Ottawa, Michigan, to the United States District Court for the Western District of Michigan (Southern Division).

Dated: August 7, 2026                                   Respectfully submitted,

By: */s/ Brandon C. Hubbard*
Brandon C. Hubbard (P71085)
Maureen J. Moody (P85032)
Joseph A. Vacante (P87036)
123 W. Allegan Street, Suite 900
Lansing, Michigan 48933
(517) 371-1730
Fax: 833-670-6009
bhubbard@dwlaw.com
mmoody@dwlaw.com
jvacante@dwlaw.com
*Attorneys for Defendants*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on August 7, 2026, a copy of the foregoing *Notice of Removal* was

served on Plaintiff via email and first-class mail to:

> Patrick Sweeney
> David M. Eberle
> Nathan D. Inks
> Michael J. Watza
> Bloom Sluggett, PC
> 161 Ottawa Avenue NW, Suite 400
> Grand Rapids, Michigan 49503
> patrick@bloomsluggett.com
> david@bloomsluggett.com
> nathan@bloomsluggett.com
> mike@bloomsluggett.com

*/s/ Lisa Page*
Legal Assistant
DICKINSON WRIGHT PLLC
123 W. Allegan Street, Suite 900
Lansing, Michigan 48933
(517) 371-1730
Fax: 833-670-6009

8