# Exhibit A

 **Wolters Kluwer**

**CT Corporation**
**Service of Process Notification**
07/13/2026
CT Log Number 552743408

## Service of Process Transmittal Summary

**TO:**    Mary Matthews
RWE Clean Energy Services, LLC
353 N CLARK ST FL 30
CHICAGO, IL 60654-4704

**RE:**    **Process Served in Michigan**

**FOR:**    Silver Maple PV, LLC  (Domestic State: DE)

ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:

| | |
|---|---|
| **TITLE OF ACTION:** | ZEELAND CHARTER TOWNSHIP vs. SILVER MAPLE PV, LLC |
| **CASE #:** | 20260000008947CZ |
| **PROCESS SERVED ON:** | C T Corporation System, Plymouth, MI |
| **DATE/METHOD OF SERVICE:** | By Traceable Mail on 07/13/2026 |
| **JURISDICTION SERVED:** | Michigan |
| **ACTION ITEMS:** | CT will retain the current log |
| | Image SOP |
| | Email Notification,  Lisa Gonzalez  lisa.gonzalez@rwe.com |
| | Email Notification,  Alison Gardner  alison.gardner@rwe.com |
| | Email Notification,  Sue Jeffrey  sue.jeffrey@rwe.com |
| | Email Notification,  LEGAL DEPT  uslegal@rwe.com |
| | Email Notification,  Kristina Travis  kristina.travis@rwe.com |
| | Email Notification,  Mary Matthews  mary.matthews@rwe.com |
| | Email Notification,  Kari Kaplan  kari.kaplan@rwe.com |
| | Email Notification,  Tim Cronin  timothy.cronin@rwe.com |
| | Email Notification,  Katrina Keiffer  katrina.keiffer@rwe.com |
| **REGISTERED AGENT CONTACT:** | C T Corporation System |
| | 40600 Ann Arbor Road E, Suite 201 |
| | Plymouth, MI 48170 |
| | 8775647529 |
| | MajorAccountTeam2@wolterskluwer.com |

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.

**CERTIFIED MAIL**

FOR USE ONLY WITH IMpb SHIPPING LABEL

Label 3800-N, January 2014          PSN 7690-17-000-0906

Bloom Sluggett, PC
161 OTTAWA AVE NW STE 400
GRAND RAPIDS MI 49503-2713

US POSTAGE AND FEES PAID
**PRIORITY MAIL IMI**
Jul 09 2026
Mailed from ZIP 49503
1 LB PRIORITY MAIL RATE
ZONE 2
11923275
Commercial



endicia

063S0011485634

**USPS CERTIFIED MAIL**



**9402 8118 9876 5521 4197 98**

Silver Maple PV, LLC
c/o CT Corporation System
40600 ANN ARBOR RD E STE 201
PLYMOUTH MI 48170-4675

Zeeland Charter

| Approved, SCAO | Original - Court<br>1st copy - Defendant | 2nd copy - Plaintiff<br>3rd copy - Return |
|---|---|---|

| STATE OF MICHIGAN<br>**JUDICIAL DISTRICT**<br>20th    **JUDICIAL CIRCUIT**<br>Ottawa    **COUNTY** | **SUMMONS** | **CASE NUMBER**<br>2026-0000008947-CZ<br>JUDGE JON H. HULSING |
|---|---|---|

| Court address<br>414 Washington Ave, Grand Haven, MI 49417 | Court telephone number<br>(616) 846-8320 |
|---|---|

| Plaintiff's name, address, and telephone number<br>Zeeland Charter Township<br>6582 Byron Road<br>Zeeland, Michigan 49464<br>(616) 772-6701 | v | Defendant's name, address, and telephone number<br>Silver Maple PV, LLC<br>c/o CT Corporation System<br>40600 Ann Arbor Road E.<br>Suite 201<br>Plymouth, Michigan 48170 |
|---|---|---|

Plaintiff's attorney bar number, address, and telephone number

Patrick Sweeney (P79822), David M. Eberle (P82459)

Nathan D. Inks (P80213), Michael J. Watza (P38726)

161 Ottawa Ave NW, Suite 400

Grand Rapids, MI 49503    (616) 965-9340

**Instructions:** Check the items below that apply to you and provide any required information. Submit this form to the court clerk along with your complaint and, if necessary, a case inventory addendum (MC 21). The summons section will be completed by the court clerk.

## Domestic Relations Case
☐ There are no pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint.

☐ There is one or more pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint. I have separately filed a completed confidential case inventory (MC 21) listing those cases.

☐ It is unknown if there are pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint.

## Civil Case
☐ This is a business case in which all or part of the action includes a business or commercial dispute under MCL 600.8035.

☐ MDHHS and a contracted health plan may have a right to recover expenses in this case. I certify that notice and a copy of the complaint will be provided to MDHHS and (if applicable) the contracted health plan in accordance with MCL 400.106(4).

☑ There is no other pending or resolved civil action arising out of the same transaction or occurrence as alleged in the complaint.

☐ A civil action between these parties or other parties arising out of the transaction or occurrence alleged in the complaint has

been previously filed in    ☐ this court,    ☐ _____ Court, where

it was given case number _____ and assigned to Judge _____

The action    ☐ remains    ☐ is no longer    pending.

Summons section completed by court clerk.          | **SUMMONS** |

**NOTICE TO THE DEFENDANT**: In the name of the people of the State of Michigan you are notified:

1. You are being sued.
2. **YOU HAVE 21 DAYS** after receiving this summons and a copy of the complaint to **file a written answer with the court** and serve a copy on the other party **or take other lawful action with the court** (28 days if you were served by mail or you were served outside of Michigan).
3. If you do not answer or take other action within the time allowed, judgment may be entered against you for the relief demanded in the complaint.
4. If you require accommodations to use the court because of a disability or if you require a foreign language interpreter to help you fully participate in court proceedings, please contact the court immediately to make arrangements.

| Issue date<br>7/7/2026 | Expiration date*<br>10/6/2026 | Court clerk<br>/s/ Justin F. Roebuck |
|---|---|---|

*This summons is invalid unless served on or before its expiration date. This document must be sealed by the seal of the court.

MC 01    (3/23)    **SUMMONS**                    MCR 1.109(D), MCR 2.102(B), MCR 2.103, MCR 2.104, MCR 2.105
SRA

FILED IN OTTAWA COUNTY 20TH CIRCUIT COURT; 7/7/2026 12:48 PM

**Summons**   (3/23)                                                          **Case Number** 2026-0000008947-CZ

## PROOF OF SERVICE

**TO PROCESS SERVER**: You must serve the summons and complaint and file proof of service with the court clerk before the expiration date on the summons. If you are unable to complete service, you must return this original and all copies to the court clerk.

## CERTIFICATE OF SERVICE / NONSERVICE

☐ I served    ☐ personally    ☐ by registered or certified mail, return receipt requested, and delivery restricted to the the addressee (copy of return receipt attached)    a copy of the summons and the complaint, together with the attachments listed below, on:

☐ I have attempted to serve a copy of the summons and complaint, together with the attachments listed below, and have been unable to complete service on:

| Name | Date and time of service |
|------|--------------------------|
| **Place or address of service** | |
| **Attachments (if any)** | |

☐ I am a sheriff, deputy sheriff, bailiff, appointed court officer or attorney for a party.

☐ I am a legally competent adult who is not a party or an officer of a corporate party. I declare under the penalties of perjury that this certificate of service has been examined by me and that its contents are true to the best of my information, knowledge, and belief.

| Service fee<br>$ | Miles traveled | Fee<br>$ | | Signature |
|---|---|---|---|---|
| Incorrect address fee<br>$ | Miles traveled | Fee<br>$ | TOTAL FEE<br>$ | Name (type or print) |

## ACKNOWLEDGMENT OF SERVICE

I acknowledge that I have received service of a copy of the summons and complaint, together with

_____ on _____ .
Attachments (if any)                                              Date and time

_____ on behalf of _____
Signature

_____
Name (type or print)

MCL 600.1910, MCR 2.104, MCR 2.105

STATE OF MICHIGAN
IN THE CIRCUIT COURT FOR THE COUNTY OF OTTAWA

ZEELAND CHARTER TOWNSHIP,

    Plaintiff,

v

SILVER MAPLE PV, LLC,

    Defendant,

RWE AMERICAS SERVICES, LLC,

    Defendant,

RWE SOLAR DEVELOPMENT, LLC,

    Defendant,

                                 /

Hon. JUDGE JON H. HULSING

Case No. 2026-0000008947-CZ

**COMPLAINT**

BLOOM SLUGGETT, PC
*Attorneys for Plaintiff Zeeland Charter Township*
Patrick Sweeney (P79822)
David M. Eberle (P82459)
Nathan D. Inks (P80213)
Michael J. Watza (P38726)
161 Ottawa Avenue NW, Suite 400
Grand Rapids, MI 49503
(616) 965-9340
Fax: (616) 965-9350
patrick@bloomsluggett.com
david@bloomsluggett.com
nathan@bloomsluggett.com
mike@bloomsluggett.com

                                 /

FILED IN OTTAWA COUNTY 20TH CIRCUIT COURT: 7/7/2026 12:48 PM

There is no other pending or resolved civil action arising out of the same transactions or occurrences as alleged in this Complaint.

1

4925-2226-2203, v. 6

· NOW COMES Plaintiff, Zeeland Charter Township ("Plaintiff," the "Township," or "Zeeland Charter Township"), by and through its attorneys, Bloom Sluggett, PC, and states as follows for its Complaint:

## PARTIES

1. Plaintiff Zeeland Charter Township is a Michigan charter township with its principal place of business located at 658 Byron Road, Zeeland, Michigan 49464.

2. Defendant Silver Maple PV, LLC is a limited liability corporation organized under the laws of Delaware with its principal place of business located at 353 N. Clark Street, Floor 30, Chicago, Illinois 60654.

3. Defendant RWE Americas Development, LLC is a limited liability company organized under the laws of Delaware with its principal place of business located at 353 N. Clark Street, Floor 30, Chicago, Illinois 60654.

4. Defendant RWE Solar Development, LLC is a limited liability company organized under the laws of Delaware with its principal place of business located at 353 N. Clark Street, Floor 30, Chicago, Illinois 60654.

## JURISDICTION AND VENUE

5. Pursuant to MCL 600.601 and MCL 600.605, this Court has jurisdiction because this is a civil claim seeking equitable relief in the form of a declaratory judgment. As an action seeking a declaratory judgment, this action is also within the jurisdiction of this Court pursuant to MCR 2.605.

6. Venue is appropriate in Ottawa County pursuant to MCL 600.1627 because the cause of action arose in Ottawa County.

2

## GENERAL ALLEGATIONS

7.      Silver Maple PV, LLC is a wholly owned subsidiary of RWE Solar Development, LLC, which is a wholly owned subsidiary of RWE Americas Development, LLC.

8.      RWE Americas Development, LLC previously did business under the name "RWE Clean Energy Development, LLC."

9.      In 2020, Silver Maple PV, LLC began planning the development, construction, and operation of a solar energy facility to be located within Zeeland Charter Township and Jamestown Charter Township. Silver Maple PV, LLC has entitled the planned solar energy facility "Silver Maple Solar" (hereinafter "the Facility").

10.      Following communications between Zeeland Charter Township and Silver Maple PV, LLC regarding the proposed Facility, the Township began spending time and resources drafting, reviewing, and refining an energy facility zoning ordinance by which to regulate solar energy facilities, such as the Facility.

11.      The Michigan Legislature enacted 2023 PA 233, which became effective on February 27, 2024.

12.      Under 2023 PA 233, an electric provider or independent power producer may bypass local zoning approvals and apply directly to the Michigan Public Service Commission ("MPSC") for a certificate to construct a solar energy facility. MCL 460.1222(2); MCL 460.1223.

13.      If the MPSC grants a certificate pursuant to 2023 PA 233, zoning ordinances and limitations imposed after the filing of the application for the certificate cannot "limit or impair the construction, operation, or maintenance of the energy facility." MCL 460.1231(2).

14.      If the MPSC grants a certificate pursuant to 2023 PA 233, "the certificate and [Part 8 of the Clean and Renewable Energy and Energy Waste Reduction Act] preempt a local policy,

3

4925-2226-2203, v. 6

practice, regulation, rule, or other ordinance that prohibits, regulates, or imposes additional or more restrictive requirements than those specified in the [MPSC's] certificate." MCL 460.1231(3).

15. "A zoning ordinance is subject to . . . Part 8 of the clean and renewable energy and energy waste reduction act, 2008 PA 295, MCL 460.1221 to 460.1232." MCL 125.3205(1)(d).

16. On October 2, 2025, RWE Americas Development, LLC (under the name RWE Clean Energy Development, LLC) sent the Zeeland Township Supervisor a letter entitled "Offer to Meet Concerning Proposed Solar Energy Facility Project in Zeeland Township, Ottawa County." The letter stated that "RWE Clean Energy, LLC is planning to develop and construct an approximately 200 MW Solar Energy Facility in Zeeland and Jamestown Townships, Ottawa County."

17. On January 27, 2026, Silver Maple PV, LLC sent the Township notice that "Silver Maple PV, LLC, is planning to develop, construct, own, and operate an approximately 200-megawatt Solar Energy Facility located in Jamestown Charter Township and Zeeland Charter Township, Ottawa County[.]" The letter included a "Notice of Intent to Construct Solar Energy Facility – Silver Maple Solar Farm" and stated that Silver Maple PV, LLC would hold a public meeting on February 26, 2026, to consider public comment on its site plan for the proposed solar energy facility.

18. On February 12, 2026, Silver Maple PV, LLC published "Notice of Intent to Construct Solar Energy Facility – Silver Maple Solar Farm" in the *Zeeland Record*. The notice stated that "Silver Maple PV, LLC is planning to apply to the Michigan Public Service Commission for approval to develop, construct, own, and operate an approximately 200-megawatt Solar Energy Facility located in Jamestown Charter Township and Zeeland Charter Township, Ottawa County[.]" The notice further stated that Silver Maple PV, LLC would hold a public

4

meeting on February 26, 2026 to consider public comment on its site plan for the proposed solar energy facility.

19.    The February 26, 2026, public meeting was rescheduled due to concerns regarding fire code capacity.

20.    On March 4, 2026, Silver Maple PV, LLC published "Notice of Intent to Construct Solar Energy Facility – Silver Maple Solar Farm" in the *Holland Sentinel*. The notice stated that "Silver Maple PV, LLC is planning to apply to the Michigan Public Service Commission for approval to develop, construct, own, and operate an approximately 200 megawatt Solar Energy Facility located in Jamestown Charter Township and Zeeland Charter Township, Ottawa County[.]" The notice further stated that Silver Maple PV, LLC would hold a public meeting on March 17, 2026 at the Evergreen Ministries (located in Jamestown Charter Township) to consider public comment on its site plan for the proposed solar energy facility.

21.    On March 4, 2026, Silver Maple PV, LLC published "Notice of Intent to Construct Solar Energy Facility – Silver Maple Solar Farm" in the *Holland Sentinel*. The notice stated that "Silver Maple PV, LLC is planning to apply to the Michigan Public Service Commission for approval to develop, construct, own, and operate an approximately 200 megawatt Solar Energy Facility located in Jamestown Charter Township and Zeeland Charter Township, Ottawa County[.]" The notice further stated that Silver Maple PV, LLC would hold a public meeting on March 18, 2026 at the Zeeland Charter Township Hall to consider public comment on its site plan for the proposed solar energy facility.

22.    The March 17, 2026, public meeting was held by Silver Maple PV, LLC.

23.    The March 18, 2026, public meeting was held by Silver Maple PV, LLC.

5

24. On April 3, 2026, Silver Maple PV, LLC filed an application with the MPSC, requesting a Renewable Energy or Storage Siting Certificate for the Facility.

25. In Silver Maple PV, LLC's application to the MPSC, the Facility is described as an approximately 200-megawatt solar energy facility to be located within the Township and Jamestown Charter Township, sited on approximately 1,127 acres of fenced-in area and approximately 1,914 acres of total participating land, of which 1,431 acres will be disturbed.

26. Silver Maple PV, LLC seeks a siting certificate for the Facility from the MPSC pursuant to the authority granted to the MPSC by 2023 PA 233. Silver Maple PV, LLC's application has been assigned MPSC Case No. U-22071.

27. On April 17, 2026, Zeeland Charter Township filed a petition seeking to intervene by right in MPSC Case No. U-22071. The Township was granted intervenor status on June 4, 2026.

28. MPSC Case No. U-22071 is ongoing.

29. On July 3, 2026, a motion to dismiss MPSC Case No. U-22071 was filed by another intervenor in the case; however, on July 6, 2026, an order was entered by the Administrative Law Judge holding the motion to dismiss in abeyance. Additionally, the July 6, 2026 order by the Administrative Law Judge temporarily suspended all dates in that case while Silver Maple PV, LLC evaluates measures to address the impacts of the May 7, 2026, Court of Appeals decision in *In re Implementing Provisions of Public Act 233 of 2023*, ___ Mich App ___; ___ NW2d ___ (2026) (Docket No. 373259). Silver Maple PV, LLC agreed to waive the 12-month statutory deadline for the MPSC to grant the application and issue a siting certificate or deny the application.

30. Silver Maple PV, LLC intends to develop, construct, own, and operate the Facility.

4925-2226-2203, v. 6

31.     RWE Americas Development LLC intends to develop, construct, own, and operate the Facility.

32.     RWE Solar Development, LLC, intends to develop, construct, own, and operate the Facility and has taken direct action on behalf of the Facility, including by entering into Multi-Party Facilities Construction Agreements, a Generator Interconnection Agreement, options for solar lease agreements, and solar lease agreements.

33.     The Facility is approximately 1,900 acres in size, with the majority of the Facility proposed to be located in Zeeland Charter Township.

34.     The point of interconnection for the Facility is in Zeeland Charter Township.

35.     On June 5, 2026, counsel for Zeeland Charter Township sent letters to all three Defendants inquiring whether Silver Maple PV, LLC intended to request the Township's consent for use of the Township's highways, streets, alleys or public places for wires, poles, pipes, tracks, conduits or other utility facilities as required by Const 1963, art 7, § 29. The letters also inquired whether Silver Maple PV, LLC intended to request a franchise to transact local business in the Township as required by Const 1963, art 7, § 29. The letters requested that Silver Maple PV, LLC provide a response within two weeks of its receipt of the letter. Those letters are attached as **Exhibit 1**.

36.     The Defendants responded to the Township's letter on June 29, 2026. **Exhibit 2**. The Defendants denied that the Facility could be considered a public utility. The Defendants did not state whether they will request a franchise or the Township's consent for the use of its highways, streets, alleys or public places.

7

4925-2226-2203, v. 6

37.     The Township sent the Defendants a second correspondence on June 29, 2026, asking the Defendants to clearly state whether they will request a franchise and approvals pursuant to Const 1963, art 7, § 29. **Exhibit 3**.

38.     Defendants have not responded to the Township's correspondence dated June 29, 2026.

39.     Despite multiple correspondences alerting the Defendants to the requirements of Const 1963, art 7, § 29, the Defendants have failed and refused to request a franchise or the Township's consent for the use of its highways, streets, alleys or public places.

## COUNT I: VIOLATION OF MICH CONST 1963, ART 7, § 29'S CONSENT CLAUSE

40.     Plaintiff incorporates and restates the preceding Paragraphs by reference, as if fully set forth herein.

41.     Under Const 1963, art 7, § 29, "[n]o person, partnership, association or corporation, public or private, operating a public utility shall have the right to the use of the highways, streets, alleys or other public places of [the Township] for wires, poles, pipes, tracks, conduits or other utility facilities, without the consent of [the Township]."

42.     The Defendants' development, construction, ownership, and / or operation of the Facility constitutes the operation of a public utility in the Township under Const 1963, art 7, § 29.

43.     The Facility as currently designed requires the use of the Township's highways streets, alleys or public places for wires, poles, pipes, tracks, conduits or other utility facilities.

44.     Therefore, under Const 1963, art 7, § 29, Defendants must obtain the Township's consent.

45.     Defendants have not obtained that consent and instead are seeking to avoid the constitutional requirements by utilizing the procedure in 2023 PA 233.

8

46. 2023 PA 233 conflicts with the Township's constitutional right to obtain consent by purporting to "preempt a local policy, practice, regulation, rule, or other ordinance that prohibits, regulates, or imposes additional or more restrictive requirements than those specified in the [MPSC's] certificate." MCL 460.1231(3).

47. To the extent that 2023 PA 233 attempts to impair the Township's right to obtain consent under Const 1963, art 7, § 29, it is unconstitutional and void.

48. Alternatively, to the extent that 2023 PA 233 is interpreted not to impair this constitutional right, then Defendants must obtain the Township's consent under Const 1963, art 7, § 29, regardless of whether a certificate is issued by the MPSC pursuant to 2023 PA 233.

49. There exists an actual controversy because Defendants intend to use the Township's highways streets, alleys or public places for wires, poles, pipes, tracks, conduits or other utility facilities without the Township's consent.

50. An actual controversy arises because a declaratory judgment is necessary to guide the Township's future conduct in order to preserve its right to obtain consent from Defendants.

## COUNT II: VIOLATION OF CONST 1963, ART 7, § 29'S FRANCHISE CLAUSE

51. Plaintiff incorporates and restates the preceding Paragraphs by reference, as if fully set forth herein.

52. Under Const 1963, art 7, § 29, "[n]o person, partnership, association or corporation, public or private, operating a public utility shall have the right to . . . transact local business in [the Township] without first obtaining a franchise from the [Township]."

53. The Defendants' development, construction, ownership, and / or operation of the Facility constitutes the operation of a public utility in the Township under Const 1963, art 7, § 29.

54. The Defendants' development, construction, ownership, and / or operation of the Facility constitutes the transaction of local business in the Township under Const 1963, art 7, § 29.

9

4925-2226-2203, v. 6

55.    Defendants have not sought, and do not intend to seek, a franchise from the Township pursuant to Const 1963, art 7, § 29.

56.    2023 PA 233 conflicts with the Township's right to require a franchise by purporting to "preempt a local policy, practice, regulation, rule, or other ordinance that prohibits, regulates, or imposes additional or more restrictive requirements than those specified in the [MPSC's] certificate. " MCL 460.1231(3).

57.    To the extent that 2023 PA 233 attempts to impair the Township's right require a franchise under Const 1963, art 7, § 29, it is unconstitutional and void.

58.    Alternatively, to the extent that 2023 PA 233 is interpreted not to impair this constitutional right, then Defendants must obtain a franchise from the Township under Const 1963, art 7, § 29, regardless of whether a certificate is issued by the MPSC pursuant to 2023 PA 233.

59.    There exists an actual controversy because Defendants intend to operate a public utility and transact local business in the Township without first obtaining a franchise.

60.    An actual controversy arises because a declaratory judgment is necessary to guide the Township's future conduct in order to preserve its right to require a franchise for Defendants to transact local business.

## COUNT III: VIOLATION OF CONST 1963, ART 7, § 29'S REASONABLE CONTROL CLAUSE

61.    Plaintiff incorporates and restates the preceding Paragraphs by reference, as if fully set forth herein.

62.    Under Const 1963, art 7, § 29, a municipality retains the right "to the reasonable control of [its] highways, streets, alleys and public places[.]"

63.    2023 PA 233 conflicts with this constitutional right by purporting to "preempt a local policy, practice, regulation, rule, or other ordinance that prohibits, regulates, or imposes

10

4925-2226-2203, v. 6

additional or more restrictive requirements than those specified in the [MPSC's] certificate. " MCL 460.1231(3).

64.     By purporting to prevent the Township from exercising control over the Defendants' use of its streets to construct and operate the Facility, 2023 PA 233 deprives the Township of reasonable control of its highways, streets, alleys, and public places.

65.     Alternatively, to the extent that 2023 PA 233 is interpreted not to impair this constitutional right, then Plaintiff possesses the power to exercise reasonable control over its highways, streets, alleys, and public places relating to the Facility, regardless of whether a certificate is issued by the MPSC pursuant to 2023 PA 233.

66.     There exists an actual controversy because the Defendants have taken the position that the Township has no authority to exercise control over its highways, streets, alleys, and public places with regard to the construction and operation of the Facility.

67.     An actual controversy exists arises because a declaratory judgment is necessary to guide the Township's conduct in order to preserve its right to exercise reasonable control over its highways, streets, alleys, and public places.

## RELIEF REQUESTED

WHEREFORE, Plaintiff respectfully requests that this Court:

A.     Issue a declaratory judgment pursuant to MCR 2.605 determining that 2023 PA 233 is unconstitutional under Const 1963, art 7, § 29 to the extent that it infringes the Township's constitutional right to give or withhold consent for a public utility's use of the highways, streets, alleys or other public places of the Township for wires, poles, pipes, tracks, conduits or other utility facilities;

B.     Alternatively, issue a declaratory judgment pursuant to MCR 2.605 determining that if 2023 PA 233 can be read consistently with Const 1963, art 7, § 29, Defendants must obtain

11

4925-2226-2203, v. 6

the Township's consent for the Facility's use of the Township's highways, streets, alleys or other public places of the Township for wires, poles, pipes, tracks, conduits or other utility facilities, regardless of whether the Defendants receive a siting permit from the MPSC;

C.      Issue a declaratory judgment pursuant to MCR 2.605 determining that 2023 PA 233 is unconstitutional under Mich Const 1963, art 7, § 29 to the extent that it infringes the Township's constitutional right to give or withhold a franchise for a public utility to operate and transact local business within the Township;

D.      Alternatively, issue a declaratory judgment pursuant to MCR 2.605 determining that if 2023 PA 233 can be read consistently with Mich Const 1963, art 7, § 29, Defendants must obtain a franchise from the Township in order to construct and operate the Facility regardless of whether they obtain a siting permit from the MPSC;

E.      Issue a declaratory judgment pursuant to MCR 2.605 determining that 2023 PA 233 is unconstitutional under Mich Const 1963, art 7, § 29 to the extent that it infringes the Township's constitutional right to exercise reasonable control of its highways, streets, alleys, and public places;

F.      Alternatively, issue a declaratory judgment pursuant to MCR 2.605 determining that if 2023 PA 233 can be read consistently with Mich Const 1963, art 7, § 29, the Township possesses a constitutional right to exercise reasonable control of its highways, streets, alleys, and public places regardless of whether the Facility receives a siting permit from the MPSC;

G.      Award Plaintiff its attorney's fees, court costs, and any other statutory or equitable relief to which it may be entitled; and

H.      Grant Plaintiff such other and further relief as the Court deems just and proper.

12

4925-2226-2203, v. 6

Respectfully submitted by,

July 7, 2026

/s/Patrick Sweeney

BLOOM SLUGGETT, PC
*Attorneys for Plaintiff Zeeland Charter Township*
Patrick Sweeney (P79822)
David M. Eberle (P82459)
Nathan D. Inks (P80213)
Michael J. Watza (P38726)
161 Ottawa Avenue NW, Suite 400
Grand Rapids, MI 49503
(616) 965-9340
Fax: (616) 965-9350
patrick@bloomsluggett.com
david@bloomsluggett.com
nathan@bloomsluggett.com
mike@bloomsluggett.com

13

4925-2226-2203, v. 6

# EXHIBIT 1

# Bloom Sluggett, PC

COUNSELORS & ATTORNEYS

**David M. Eberle**
Direct Dial (616) 965-9346
Direct Fax (616) 965-9350
david@bloomsluggett.com

June 5, 2026

RWE Americas Development, LLC
c/o The Corporation Company
40600 Ann Arbor Rd. E
Suite 201
Plymouth, MI 48170

RWE Solar Development, LLC
c/o The Corporation Company
40600 Ann Arbor Rd. E
Suite 201
Plymouth, MI 48170

Silver Maple PV, LLC
c/o CT Corporation System
40600 Ann Arbor Rd. E
Suite 201
Plymouth, MI 48170

*Via First Class Mail*

> **Re:    Consent and Franchise Requirements
> for Silver Maple Solar Energy Facility**

Dear Sir or Madam:

We serve as legal counsel to Zeeland Charter Township (the "Township") in connection with Silver Maple PV, LLC's proposed solar energy facility. In that capacity, we have intervened on the Township's behalf in the proceedings involving Silver Maple before the Michigan Public Service Commission (case U-22071). Given the facility's substantial scale, the Township has a significant interest in ensuring that all applicable legal requirements are satisfied before the facility is permitted to proceed.

To that end, we write to inquire whether Silver Maple intends to seek the Township's consent to use its highways, streets, alleys, or other public places for the facility pursuant, but not limited to, Michigan Constitution 1963, art 7, § 29. In addition, please advise whether Silver Maple intends to obtain a franchise from the Township before transacting local business therein under Michigan Constitution 1963, art 7, § 29. The Township believes that both constitutional requirements apply to Silver Maple's facility and constitute necessary prerequisites to its continuation. In exercising its constitutional authority, the Township will give careful consideration to any such requests in light of the public interest.

To enable the Township to determine the appropriate course of action, we respectfully request that Silver Maple provide a response within two weeks of its receipt of this correspondence. We appreciate your prompt attention to this matter and your anticipated cooperation.

Sincerely,

David M. Eberle
Attorney


cc:     Salina M. Hamilton – Attorney for Silver Maple PV, LLC
Ryan M. Shannon – Attorney for Silver Maple PV, LLC
Brandon C. Hubbard – Attorney for Silver Maple PV, LLC
John A. Weiss – Attorney for Silver Maple PV, LLC
Joshua  Eggleston – Manager for Zeeland Charter Township

4918-8477-2017, v. 1

# Bloom Sluggett, PC

COUNSELORS & ATTORNEYS

**David M. Eberle**
Direct Dial (616) 965-9346
Direct Fax (616) 965-9350
david@bloomsluggett.com

June 5, 2026

RWE Americas Development, LLC
c/o The Corporation Company
40600 Ann Arbor Rd. E
Suite 201
Plymouth, MI 48170

*Via First Class Mail*

RWE Solar Development, LLC
c/o The Corporation Company
40600 Ann Arbor Rd. E
Suite 201
Plymouth, MI 48170

Silver Maple PV, LLC
c/o CT Corporation System
40600 Ann Arbor Rd. E
Suite 201
Plymouth, MI 48170

> **Re:    Consent and Franchise Requirements
> for Silver Maple Solar Energy Facility**

Dear Sir or Madam:

We serve as legal counsel to Zeeland Charter Township (the "Township") in connection with Silver Maple PV, LLC's proposed solar energy facility. In that capacity, we have intervened on the Township's behalf in the proceedings involving Silver Maple before the Michigan Public Service Commission (case U-22071). Given the facility's substantial scale, the Township has a significant interest in ensuring that all applicable legal requirements are satisfied before the facility is permitted to proceed.

To that end, we write to inquire whether Silver Maple intends to seek the Township's consent to use its highways, streets, alleys, or other public places for the facility pursuant, but not limited to, Michigan Constitution 1963, art 7, § 29. In addition, please advise whether Silver Maple intends to obtain a franchise from the Township before transacting local business therein under Michigan Constitution 1963, art 7, § 29. The Township believes that both constitutional requirements apply to Silver Maple's facility and constitute necessary prerequisites to its continuation. In exercising its constitutional authority, the Township will give careful consideration to any such requests in light of the public interest.

To enable the Township to determine the appropriate course of action, we respectfully request that Silver Maple provide a response within two weeks of its receipt of this correspondence. We appreciate your prompt attention to this matter and your anticipated cooperation.

Sincerely,

David M. Eberle
Attorney


cc:    Salina M. Hamilton – Attorney for Silver Maple PV, LLC
       Ryan M. Shannon – Attorney for Silver Maple PV, LLC
       Brandon C. Hubbard – Attorney for Silver Maple PV, LLC
       John A. Weiss – Attorney for Silver Maple PV, LLC
       Joshua  Eggleston – Manager for Zeeland Charter Township

4918-8477-2017, v. 1

# Bloom Sluggett, PC

COUNSELORS & ATTORNEYS

**David M. Eberle**
Direct Dial (616) 965-9346
Direct Fax (616) 965-9350
david@bloomsluggett.com

June 5, 2026

RWE Americas Development, LLC                                    *Via First Class Mail*
c/o The Corporation Company
40600 Ann Arbor Rd. E
Suite 201
Plymouth, MI 48170

RWE Solar Development, LLC
c/o The Corporation Company
40600 Ann Arbor Rd. E
Suite 201
Plymouth, MI 48170

Silver Maple PV, LLC
c/o CT Corporation System
40600 Ann Arbor Rd. E
Suite 201
Plymouth, MI 48170

> **Re:    Consent and Franchise Requirements
> for Silver Maple Solar Energy Facility**

Dear Sir or Madam:

We serve as legal counsel to Zeeland Charter Township (the "Township") in connection with Silver Maple PV, LLC's proposed solar energy facility. In that capacity, we have intervened on the Township's behalf in the proceedings involving Silver Maple before the Michigan Public Service Commission (case U-22071). Given the facility's substantial scale, the Township has a significant interest in ensuring that all applicable legal requirements are satisfied before the facility is permitted to proceed.

To that end, we write to inquire whether Silver Maple intends to seek the Township's consent to use its highways, streets, alleys, or other public places for the facility pursuant, but not limited to, Michigan Constitution 1963, art 7, § 29. In addition, please advise whether Silver Maple intends to obtain a franchise from the Township before transacting local business therein under Michigan Constitution 1963, art 7, § 29. The Township believes that both constitutional requirements apply to Silver Maple's facility and constitute necessary prerequisites to its continuation. In exercising its constitutional authority, the Township will give careful consideration to any such requests in light of the public interest.

161 Ottawa Ave NW . Suite 400 . Grand Rapids . MI 49503 . t 616.965.9340 . f 616.965.9350 . www.bloomsluggett.com
4918-8477-2017, v. 1

To enable the Township to determine the appropriate course of action, we respectfully request that Silver Maple provide a response within two weeks of its receipt of this correspondence. We appreciate your prompt attention to this matter and your anticipated cooperation.

Sincerely,

David M. Eberle
Attorney


cc:    Salina M. Hamilton – Attorney for Silver Maple PV, LLC
Ryan M. Shannon – Attorney for Silver Maple PV, LLC
Brandon C. Hubbard – Attorney for Silver Maple PV, LLC
John A. Weiss – Attorney for Silver Maple PV, LLC
Joshua Eggleston – Manager for Zeeland Charter Township

4918-8477-2017, v. 1

# EXHIBIT 2



**DICKINSON WRIGHT** PLLC

200 OTTAWA AVENUE, NW, SUITE 900
GRAND RAPIDS, MI 49503-2427
TELEPHONE: 616-458-1300
FACSIMILE: 844-670-6009
http://www.dickinsonwright.com

JOHN A. WEISS
JWeiss@dwlaw.com
616-336-1034

June 29, 2026

Bloom Sluggett, PC
Mr. David Eberle
161 Ottawa Ave NW
Suite 400,
Grand Rapids, MI 49503

> **Re:    Correspondence Dated June 5, 2026 Regarding Silver Maple Solar Energy Facility**

Dear Mr. Eberle,

As you know, we are legal counsel for RWE Americas, LLC and its subsidiary Silver Maple PV, LLC ("Silver Maple") regarding the solar energy facility proposed partially in Zeeland Township and the proceedings in Michigan Public Service Commission Case No. U-22071 (the "MPSC Case"). We have received and reviewed your correspondence dated June 5, 2026.

We appreciate the continued dialogue on the proposed project. For the sake of clarity, Silver Maple reiterates its commitment to secure all applicable approvals required for the proposed project. This correspondence relates specifically to your reference to Article VII, Section 29 of the Michigan Constitution. As an initial matter, Silver Maple is not "operating a public utility" for purposes of Article VII, Section 29 of the Michigan Constitution. While there are some contexts under Michigan law where Silver Maple and similar entities may be considered a public or private "utility," those situations are fact-specific and not applicable here.

Assuming for sake of argument that the situation is otherwise, please confirm what Township ordinances or additional and non-preempted approval mechanisms you believe apply to the project regarding the highways, streets, alleys or other public places within the Township. Typically, the approvals for this type of project regarding local roadways include driveway or crossing permits and may include a road use agreement with the county road commission responsible for administration and maintenance of the impacted county roads. Please direct us to any supporting authority. Similarly, please identify which Township highways, streets, alleys or other public places you believe would be impacted by the project, and how those alleged impacts would trigger the need for any additional approvals, and what criteria would be applicable to such approvals.

DICKINSON WRIGHT PLLC

Bloom Sluggett, PC
June 29, 2026
Page 2

Silver Maple looks forward to the opportunity to continue to work with the Township.

Sincerely,

DICKINSON WRIGHT PLLC


John A. Weiss

JAW:asf

ARIZONA • CALIFORNIA • COLORADO • FLORIDA • ILLINOIS • KENTUCKY • MICHIGAN • NEVADA
OHIO • TENNESSEE • TEXAS • WASHINGTON • WASHINGTON DC • TORONTO

# EXHIBIT 3

# Bloom Sluggett, PC

Counselors & Attorneys

**David M. Eberle**
Direct Dial (616) 965-9346
Direct Fax (616) 965-9350
david@bloomsluggett.com

June 29, 2026

Dickinson Wright, PLLC
Mr. John A. Weiss
200 Ottawa Ave NW
Suite 900
Grand Rapids, MI 49503

*Via Electronic Mail*

> Re:    **Correspondence Dated June 29, 2026 Regarding Silver Maple Solar Energy Facility**

Mr. Weiss:

We received your correspondence dated June 29, 2026, and appreciate your clients' willingness to work with the Township. The application submitted by Silver Maple PV, LLC ("Silver Maple) to the Michigan Public Service Commission (Case No.  U-22071) indicates that Silver Maple intends to use highways, streets, and other public places within the Township for the proposed solar energy facility. Silver Maple may seek the Township's consent to use its highways, streets, and other public places for the facility by submitting a request in writing. Silver Maple may also seek a franchise from the Township by submitting a request in writing. Both consent and a franchise are required pursuant to Michigan Constitution 1963, art 7, § 29.

We respectfully request that Silver Maple clearly state whether it will request these applicable approvals, as required by Michigan Constitution 1963, art 7, § 29, no later than the close of business on July 1, 2026. We appreciate your prompt attention to this matter.

Sincerely,

BLOOM SLUGGETT, PC

/s/ David M. Eberle

David M. Eberle
Attorney

161 Ottawa Ave. NW Suite 400, Grand Rapids, MI 49503 . t 6.965.9340 . f 616.965.9650 . www.bloomsluggett.com

4899-6807-1609, v. 2